THE STATE V. M. D. BULLION.

INDICTMENT FOR PERMITTING GAMBLING.—An indictment which charges that A B "did unlawfully and knowingly keep a room in the Star Hotel to be used for gambling, and did knowingly permit said room to be used and occupied for gambling," charges no offense recognized by law.  (Overruling State *v.* Crowder, 39 Tex., 47.)

APPEAL from Hunt.   Tried below before the Hon. W. H. Andrews.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—The indictment charged that the defendant "did unlawfully and knowingly keep a room in the Star Hotel to be used for gambling, and did knowingly permit said room to be used and occupied for gambling."

Upon exceptions the indictment was set aside.   The word gambling, as used in this indictment, is too general, and is not sufficient, either under the article of the code for permitting illegal gaming, (Pas. Dig., art. 2055,) or for renting a room or house for such a purpose.   (Ib., art. 2056.)

The word gambling is not mentioned in the statute as indicating any of the gaming that is prohibited by law.

AFFIRMED.